<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAREN FLETCHER and HOWARD HERSHIPS,<br><br>        Plaintiffs,<br><br>  v.<br><br>BAGHRI HOTELS, INC., *et al.*,<br><br>        Defendants. | 23cv1714 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On March 20, 2023, Plaintiffs Karen Fletcher and Howard Herships, appearing *pro se* and seeking leave to proceed *in forma pauperis* ("IFP"), D.E. 1-1, filed this action against Defendants Baghri Hotels, Inc., Sunita Kapoor, and Wyndham Hotels & Resorts, Inc, D.E. 1 ("Compl."). Plaintiffs bring a combination of federal- and California-based claims. Pursuant to 28 U.S.C. § 1915(e)(2), this Court has a statutory obligation to screen the Complaint. After careful review of the Complaint, the Court concludes that venue is not properly laid in this District. Therefore, this action will be transferred to the Northern District of California, where Plaintiffs' IFP request and a full screening on the merits is proper.

28 U.S.C. § 1391(b) provides that venue is proper in:

 (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
 (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
 (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A natural person resides "in the judicial district in which that person is domiciled[.]" *Id.* § 1391(c)(1). A corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" *Id.* § 1391(c)(2).

Pursuant to Section 1391(b), venue is not properly laid in this District. First, Section 1391(b)(1) requires that *all* defendants reside in the State in which a district is located. Defendants Baghri Hotels and Sunita Kapoor reside in California, not New Jersey,[1] Compl. ¶¶ 44, 46, therefore, Section 1391(b)(1) does not apply. Second, Section 1391(b)(2) requires that a substantial part of the events or omissions giving rise to the action occurred in the district. The substantial part, if not all, of the events giving rise to the Complaint occurred in California at the "Wyndham Brand Hotel, and/or this Days Inn by Windham facility located at 4515 Granite Drive, Rocklin, CA 95677[,]" not New Jersey, *see, e.g.*, Compl. ¶ 17, therefore, under Section 1391(b)(2), venue would be proper in the Northern District of California.

Finally, Section 1391(b)(3) applies only if there is no district in which an action may otherwise be brought pursuant to subsections (b)(1) and (2). *See Sondhi v. McPherson Oil Co.*, 2021 U.S. Dist. LEXIS 222302, at *6 (D.N.J. Nov. 17, 2021). Therefore, because Plaintiffs' action could have been brought in the Northern District of California pursuant to Section 1391(b)(2), Section 1391(b)(3) does not apply.

Because Section 1391(b) provides no basis for venue in this District, the Court may exercise its discretion to *sua sponte* dismiss or, "in the interest of justice," transfer this action under 28 U.S.C. § 1406(a). *See Lafferty v. Gito St. Riel*, 495 F.3d 72, 74-75 & n.3 (3d Cir. 2007) (leaving undisturbed district court's discretionary *sua sponte* transfer under Section 1406(a)); *Decker v.*

---

[1] Only Defendant Wyndham Hotel & Resorts is alleged to be a New Jersey resident. Compl. ¶ 20.

*Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may *sua sponte* transfer action under Section 1406(a)); *Eastern Control, Inc. v. Borysowski*, 2022 U.S. Dist. LEXIS 43367, at *13 (D.N.J. Mar. 11, 2022) (dismissing action *sua sponte* under Section 1406(a)); *Brizuela v WVU Med. Ctr.*, 2022 U.S. Dist. LEXIS 144870, at *5 (M.D. Pa. Aug. 12, 2022) (transferring action pursuant to Section 1406(a) during court's statutory Section 1915(e)(2) screening of complaint). "Dismissal is considered to be a harsh remedy…and transfer of venue to another district in which the action could originally have been brought, is the preferred remedy." *Eviner v. Eng*, 2013 U.S. Dist. LEXIS 177125, at *18 (D.N.J. Dec. 6, 2013) (citations omitted). "Transfer under [Section] 1406(a) is appropriate even where the court in which the [action] was filed lacked personal jurisdiction over the defendants." *Id.* (citations omitted).

Here, a transfer of venue is appropriate, in the interest of justice, because the substantial part, if not all, of the events giving rise to this action occurring in California make the Northern District of California a viable alternative venue under Section 1391(b)(2).  Therefore, the Court **TRANSFERS** this action to the Northern District of California pursuant to Section 1406(a).

Accordingly, it is on this 5th day of July, 2023;

**ORDERED** that the Clerk of the Court shall **TRANSFER** this action to the Northern District of California and mark the action in this Court **CLOSED**.

Dated: July 5, 2023

*/s/ Evelyn Padin*
Evelyn Padin, U.S.D.J.